Page 1 of 5

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

Case No. DG 08-08183

JOHN PAUL BAILEY and REBEKAH   Hon. Scott W. Dales
ANN BAILEY,                    Chapter 7

       Debtors,

_____/

LISA E. GOCHA, TRUSTEE,        Adversary Pro. No. 09-80349

       Plaintiff,

v.

JOHN COOPER and JUDY COOPER,

       Defendants.

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
               United States Bankruptcy Judge

## I. INTRODUCTION

Chapter 7 trustee, Lisa E. Gochá (the "Plaintiff"), filed a complaint under 11 U.S.C. §

547(b) against John and Judy Cooper (the "Defendants") to avoid and recover a transfer of

$11,000.00 that John and Rebekah Bailey (the "Debtors") made within ninety days before filing

their Chapter 7 bankruptcy petition.  The parties have stipulated to most of the elements of the

Plaintiff's preference case, leaving only one question of fact to be decided: whether the Debtors

made a transfer to the Defendants "for or on account of an antecedent debt owed by the debtor[s]

before such transfer was made."  11 U.S.C. § 547(b)(2).  Because the parties agreed to the

historical details surrounding the transfer, they proposed to resolve this dispute on stipulated

facts. The parties also agreed that the court could draw inferences based upon this stipulation. Therefore, considering the parties' request, the amount in controversy, the stipulated facts and the language of the statute, the court has agreed to proceed in this fashion and will direct the Clerk to enter judgment avoiding the transfer and obligating the Defendants to pay the Plaintiff $11,000.00 pursuant to 11 U.S.C. §§ 547(b) and 550(a).

## II. JURISDICTION

This court has jurisdiction over this bankruptcy case.  28 U.S.C. § 1334.  The case and all related proceedings have been referred to this bankruptcy court for decision.  28 U.S.C. § 157(a); L.R. 83.2(a) (W.D. Mich.).  This adversary proceeding is a core proceeding because it involves the determination, avoidance, or recovery of a preferential transfer.  28 U.S.C. § 157(b)(2)(F). This opinion constitutes the court's findings of fact and conclusions of law. Fed. R. Civ. P. 52.

## III. STATEMENT OF FACTS

In 1997, the Debtors purchased real property located at 810 W. Washington Street, Ionia, Michigan (the "Property").  Since purchasing the Property, the Debtors have made several improvements, financed largely by the Defendants, who are Ms. Bailey's parents.  Instead of advancing money directly to the Debtors, the Defendants paid the suppliers for the goods and services used in the Property's improvement. In exchange for these advances, the Debtors agreed to reimburse the Defendants from the sale proceeds of the Property, should they ever sell it.  The parties have stipulated to the value of the improvements as $11,000.00.

The Debtors withdrew money from a retirement account in order to cure a delinquency of the mortgage on the Property, but had a change of heart. Instead of curing the defaults, they

decided to surrender the Property, and to use the money to reimburse the Defendants.   They paid the Defendants $11,000.00 for the improvements.   On September 17, 2008, within ninety days after paying the Defendants, the Debtors filed a joint bankruptcy petition under Chapter 7.

### IV. APPLICABLE LAW

Section 547(b) allows a trustee to avoid a transfer of property from a debtor to a creditor on account of an antecedent debt owed by the debtor prior to the transfer, if the transfer was made within ninety days of a debtor's bankruptcy filing, and if at the time of the transfer, the debtor was insolvent.   A trustee must also prove, however, that the transfer enabled the creditor to receive more than it would have received had the transfer not been made.

The parties have stipulated and the court finds: (1) the payment of $11,000.00 to the Defendants was a transfer of an interest of the Debtors in property; (2) the Debtors made the transfer while insolvent; (3) the transfer occurred within ninety days before the bankruptcy filing; and (4) the transfer improved the Defendants' position from what they would have received had the transfer not occurred. *See* October 9, 2009 Pretrial Order (DN 9). Therefore, the only issue in dispute is whether  the transfer was to or for the benefit of a creditor on account of an antecedent debt owed by the Debtors before the transfer.  *See* 11 U.S.C. § 547(b)(1) & (b)(2).

Under the Bankruptcy Code, the term "creditor" means "an entity that has a claim against the debtor that arose . . . before the order filed for relief." 11 U.S.C. § 101(10)(A).  A "claim" is any "right to payment," even if that right is disputed, unliquidated, or contingent.  *Id.* § 101(5)(A).  A "debt" is "liability on a claim." *Id.* § 101(12).  Because the agreement between the Debtors and the Defendants was made before the Debtors filed for relief, the court must regard the Defendants as "creditors" if they held a "claim" against the Debtors.  If they held a "claim"

on the date of the transfer for which the Debtors made the $11,000.00 payment, it follows that the Debtors made a payment on an "antecedent debt."

From the parties' stipulation, the court infers that the Debtors had an oral contract with the Defendants to repay the cost of the improvements if the Property was ever sold.  Whether the Debtors actually sold the Property or lost it through foreclosure is immaterial because at the time the Debtors paid the Defendants back, the Defendants had a "right to payment" even if it was "contingent." 11 U.S.C. § 101(5)(A).[1] In other words, at the time of the transfer, whether the Property was eventually sold voluntarily or involuntarily, the Debtors had a contingent obligation to pay the Defendants for the improvements.  This obligation was created in 1997 when the Defendants advanced the money. Therefore, the Debtors' $11,000.00 payment  to the Defendants satisfied the Debtors' contingent obligation and qualifies as a transfer of their interest in property on account of an antecedent debt.  11 U.S.C. § 547(b).  The Plaintiff is entitled to recover the value of that avoided transfer under 11 U.S.C. § 550.

### V. CONCLUSION

Given the broad definitions of "claim" and "debt," and based upon the parties' oral agreement, the court finds the Debtors transferred $11,000.00 on account of an antecedent debt within ninety days of bankruptcy while they were insolvent, and that the Defendants received more than they would have had the transfer not been made. This transfer is therefore avoidable as a preference under 11 U.S.C. § 547(b), and recoverable under 11 U.S.C. § 550.

The court will direct the Clerk to enter a separate judgment to that effect in accordance with Fed. R. Civ. P. 58.

---

[1] *See* H.R.REP. NO. 95-595 at 310 (1977) ("By this broadest possible definition [of the term "claim"] ... the bill contemplates that all legal obligations of the debtor, *no matter how remote or contingent*, will be able to be dealt with in the bankruptcy case.") (emphasis added).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall enter judgment in accordance with this Memorandum of Decision and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of the judgment to be entered, together with this Memorandum of Decision and Order, pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4, upon Lisa E. Gochá, Esq., John and Rebekah Bailey, John and Judy Cooper, and John Raven, Esq.

**IT IS SO ORDERED.**



Scott W. Dales
United States Bankruptcy Judge

**Dated: May 11, 2010**